UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| NORMAN TIMBERLAKE, )<br>  )<br>            Plaintiff, )<br>  )<br>MICHAEL ALLEN LAMBERT, )<br> DAVID LEON WOODS, )<br>  )<br>            Intervenor Plaintiffs, )<br>    vs. )<br>  )<br>ED BUSS, Superintendent, )<br> Indiana State Prison, )<br>  )<br>            Defendant. ) | No. 1:06-cv-1859-RLY-WTL |

**Entry Concerning April 13, 2007, Conference**

      The court held a telephonic status conference on April 13, 2007. The reason for this conference was the motion for expedited discovery filed by Intervenor Plaintiff Woods late in the afternoon of April 12, 2007, the broad scope of the materials requested, the unusually short time for compliance which was sought by Woods in his motion, the important and imminent deadlines faced by Woods for certain filings in this case, the subject matter of the requested material, and the record of discovery difficulties which were encountered by the parties prior to the intervention of Woods and Michael Lambert. As established at the conference of April 12, 2007, Woods' position in this lawsuit is different in a significant respect from that of his co-plaintiffs Norman Timberlake and Michael Lambert. The court determined during the morning of April 13, 2007, a brief conference may be of assistance in addressing the discovery concerns presented by Woods in his motion for expedited discovery. These concerns were understood as relating to the timing and process for discovery sought by Woods, rather than the scope of the discovery requests themselves. Accordingly, only counsel for Woods and for the defendant were notified of and participated in the conference. The parties appeared by the counsel indicated:

      Intervenor Woods           Linda Wagoner

      Defendant Superintendent Buss   Thomas Quigley

On the basis of what was discussed and agreed, as well as on rulings made during the conference, the court issues this Entry pursuant to Rule 16(e) of the *Federal Rules of Civil Procedure*.

**I.**

Woods' motion for expedited discovery is **granted in part and denied in part,** consistent with the following:

1. The motion is **granted,** and it has been understood from the recent discussions in the case (including those at the conference of April 12, 2007), that all plaintiffs' counsel **will be notified** as soon as any further revision of the execution protocol is adopted by the Indiana Department of Correction. Mr. Quigley advised, however, that he is no longer in the "chain" of personnel reviewing, recommending or expected to act on any such revisions currently being considered. This means that he will not play a role in decision-making regarding the protocol revision; it does not mean that he will be uninformed when that occurs, and the expectation is precisely the opposite.

2. The motion is **granted** with respect to the access of Woods' counsel to material known as "the Bundle." As used herein, the Bundle refers to the discovery produced by the Indiana Department of Correction in *Tom Pruitt v. State of Indiana,* Cause No. 15C01-0109-CF-00054, which is described in greater detail on pp. 1-2 of plaintiff Timberlake's filing in this case on March 21, 2007 (dkt. # 55). Access to the Bundle was conditioned by the defendant on Woods' counsel's willingness to sign an agreement limiting the use to which the documents and information within the documents could be put. That limitation does **not** include a prohibition against discussing the Bundle with co-counsel *in this case* who have signed similar agreements. That limitation is subject to expansion if (a) the parties agree on proposed expanded use of the documents or informant, or (b) the court authorizes such use based on application and prior notice to the defendant and an opportunity to be heard on the matter. Woods' counsel indicated that she was agreeable to these conditions. Arrangements were made for her to receive a copy of the Bundle early during the week of April 16, 2007, but court staff was later informed that a second set of the Bundle was located and that counsel for the plaintiff was provided with that second set late in the afternoon.

3. The motion to expedite is in all other respects **denied,** with counsel for Woods directed to review the Bundle and discovery materials already filed in this case in order to determine whether the information she seeks is within those materials.

**II.**

In further reference to the Bundle, counsel for the other plaintiffs (Lambert and Timberlake) are also to have access to the Bundle on the same terms as described in paragraph 2 of Part I of this Entry. Counsel for those plaintiffs should, if they wish to have a copy of the Bundle provided to them, contact counsel for the defendant. If not all plaintiffs' counsel receive the Bundle as described or as contemplated in this Entry, the extent to

which those counsel receiving the Bundle may discuss the Bundle with those not receiving the Bundle will have to be determined.

### III.

During the course of the conference, counsel for the defendant noted certain matters which the court makes known to all parties and their counsel.

1. The execution protocol to be used at the Indiana State Prison is understood by counsel for the defendant as having been modified from past practices in the following respects:

    a. The amount of sodium pentothal to be used has been increased from 2½ to 5 grams.

    b. The wheels of the gurney on which the condemned is to be placed have been removed.

2. The execution injection team has been certified in a program conducted in the State of Kentucky in the performance of their role for an execution.

3. The Superintendent of the Indiana State Prison will permit himself to be interviewed by any counsel for the plaintiffs wishing to do so in a simultaneous session for the purpose of collecting information regarding the procedures which have been used at executions in the past and those expected to be used at future executions. This offer does not replace any formal discovery but is in addition to more formal discovery to permit counsel to proceed more efficiently. The subject arose in conjunction with counsel for defendant Woods, so the Woods' execution date is a necessary factor to be considered in whether and when this opportunity is used.

**IT IS SO ORDERED.**

Date: 04/16/2007

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Betsy M. Isenberg
INDIANA STATE ATTORNEY GENERAL
Betsy.Isenberg@atg.in.gov

Thomas D. Quigley
INDIANA STATE ATTORNEY GENERAL
thomas.quigley@atg.in.gov

Richard A. Waples
WAPLES & HANGER
richwaples@aol.com

Brent Westerfeld
bwesterfeld@wkelaw.com

Lorinda Meier Youngcourt
EVANS & YOUNGCOURT
lmyoungcourt@hughes.net
William  Van Der Pol Jr.
bvander3@insightbb.com

Alan M Freedman
fbpc@aol.com

Carol Heise
fbpc@aol.com

Laurence E. Komp
lekomp@swbell.net

Linda M. Wagoner
lmwagoner@mchsi.com