UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| NORMAN TIMBERLAKE, ) <br> ) <br> Plaintiff, ) <br> ) <br> MICHAEL ALLEN LAMBERT, ) <br> DAVID LEON WOODS, ) <br> ) <br> Intervenor Plaintiffs, ) <br> vs. ) <br> ) <br> ED BUSS, Superintendent, ) <br> Indiana State Prison, ) <br> ) <br> Defendant. ) | No. 1:06-cv-1859-RLY-WTL |

**Entry Discussing Motion for Summary Judgment as to
Defendant's Defense of Failure to Exhaust Administrative Remedies**

Plaintiff David Leon Woods is on death row at the Indiana State Prison in Michigan City. He joined this action as an intervenor plaintiff on April 10, 2007. He alleges in this civil rights action under 42 U.S.C. § 1983 that the combination of drugs to be used by the Superintendent, in the absence of trained personnel and with inadequate monitoring of Woods' condition once the procedure is underway, creates a serious risk that the drugs will not be properly administered and that errors in these steps will likely cause Woods to suffer excruciating pain in violation of his rights under the Eighth Amendment to the United States Constitution. The defendant in this action is the Superintendent of the Indiana State Prison.

The defendant has filed a motion for summary judgment on the ground, in part, that Woods failed to exhaust his available administrative remedies, as required by 42 U.S.C. § 1997e(a).[1]

"Summary judgment is appropriate where the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Westra v. Credit Control of Pinellas,* 409 F.3d 825, 827 (7th Cir. 2005)(quoting Rule 56(c) of the *Federal Rules of Civil Procedure).* A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.*

The Superintendent argues that Woods failed to comply with the exhaustion of administrative remedies requirement of the Prison Litigation Reform Act ("PLRA"). The PLRA provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002).

---

[1]The court is obligated to address the failure to exhaust argument before reaching the merits of the claim. *Perez v. Wis. Dep't of Corr.,* 182 F.3d 532, 536 (7th Cir. 1999)("The statute [requiring administrative exhaustion] can function properly only if the judge resolves disputes about its application before turning to any other issue in the suit."). It does so through this Entry. The remaining argument in the Superintendent's motion for summary judgment is that Woods' claim is barred by the applicable 2-year statute of limitations. That portion of the motion for summary judgment remains under advisement.

Construed in a manner reasonably most favorable to Woods as the non-moving party, the evidence here shows that: (1) at all relevant times during Woods' confinement, the State Prison has had a grievance procedure for inmates; (2) he was aware of the grievance process and has used it on many occasions for a variety of subjects; (3) he will be executed, as required by state law, through lethal injection; (4) the execution will be governed by certain written protocols; (5) the execution protocols are deemed "confidential" and would not have been released or disclosed to Woods, although the Superintendent would discuss the execution process with Woods if Woods sought to have such a discussion; (6) if Woods filed a grievance regarding the execution protocol prior to the filing of this suit or his joinder as an intervenor plaintiff, the person responsible for handling that grievance would have deviated from the grievance procedure because of the serious subject matter of the grievance; and (7) Woods did not file a grievance to the execution protocol prior to the filing of this suit or his joinder as an intervenor plaintiff.

The exhaustion requirement is intended to give jail and prison authorities an opportunity to address issues before they become federal lawsuits. See *Porter v. Nussle*, 534 U.S. at 524-25. The undisputed facts show that Woods did not file a grievance regarding the execution protocol prior to joining in this lawsuit. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,*

3

126 S. Ct. 2378, 2385 (2006) (footnote omitted); see also *Riccardo v. Rausch,* 375 F.3d 521, 524 (7th Cir. 2004) ("Failure to [follow state rules about the time and content of grievances] means failure to use (and thus to exhaust) available remedies.").

The question here is whether the defendant has shown that the grievance procedure was "available" to Woods. The exhaustion requirement serves legitimate purposes, but it is not intended to give authorities the opportunity to create insurmountable obstacles to lawsuits that may be essential to protect constitutional and other legal rights. The Supreme Court in *Woodford* indicated that grievance systems would still need to provide a "meaningful opportunity for prisoners to raise meritorious grievances." 126 S. Ct. at 2392; see also *id.* at 2403-04 (Stevens, J., dissenting) (noting problems such a standard poses). The Court in *Woodford* also noted that it had no occasion in that case to decide how best to address procedural requirements created "for the purpose of tripping up all but the most skillful prisoners." *Id.* at 2392. An administrative remedy may become "unavailable," in terms of § 1997e(a), if prison officials prevent a prisoner from complying with its requirements. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (holding that prisoner complied with exhaustion requirement by submitting grievance that was later lost).

The Seventh Circuit's decision in *Conyers v. Abitz*, 416 F.3d 580 (7th Cir. 2005), is instructive here. The plaintiff in Conyers was a Muslim who was not permitted to participate in the Muslim fast of Ramadan. He sued for denial of his

right to exercise his religion. Prison officials denied his request to participate because he had not signed up in time to request participation. The Seventh Circuit reversed summary judgment for defendants on the free exercise of religion claim. The evidence showed that prison officials had planned for Ramadan by posting a bulletin telling Muslim prisoners they would need to sign up for special meals no later than a specified date before Ramadan began. *Id.* at 582. The plaintiff in fact missed the deadline for signing up, but the evidence also showed that he did not know about the posted deadline because he was in disciplinary segregation and could not see it. *Id.* at 582-83. Based on these facts, the Seventh Circuit saw no basis for enforcing the unknown deadline against the plaintiff. *Id.* at 585-86.

This approach in *Conyers* is consistent with *Dole* and other Seventh Circuit decisions under the PLRA recognizing that jail and prison officials can act so as to make an administrative remedy "unavailable." *E.g.*, *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002) (officials' failure to respond to grievances may render remedy unavailable: "we refuse to interpret the PLRA 'so narrowly as to . . . permit [prison officials] to exploit the exhaustion requirement through indefinite delay in responding to grievances'"); *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004) (grievance procedure was unavailable where prison officials refused prisoner's request for required grievance forms).

The PLRA's exhaustion requirement is an affirmative defense as to which defendants bear the burden of proof. *Dole,* 438 F.3d at 809. Prison and jail officials may not take unfair advantage of the exhaustion requirement. The evidence in this

case does not show that the defense has been satisfied because there is no evidence that Woods was aware, or even that he should have been aware, of the execution protocols.

Accordingly, the defendant has not met his burden of showing that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. The defendant's motion for summary judgment (Docket # 74) is therefore **denied** insofar as it rests on the argument that Woods failed to comply with the exhaustion of administrative remedies requirement of 42 U.S.C. § 1997e(a) prior to joining in this lawsuit.

**IT IS SO ORDERED.**

Date:   May 1, 2007

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Alan M. Freedman
MIDWEST CENTER FOR JUSTICE LTD
fbpc@aol.com

Carol Rose Heise
MIDWEST CENTER FOR JUSTICE LTD
fbpc@aol.com

Betsy M. Isenberg
INDIANA STATE ATTORNEY GENERAL
Betsy.Isenberg@atg.in.gov

Laurence E. Komp
lekomp@swbell.net

Thomas D. Quigley
INDIANA STATE ATTORNEY GENERAL
thomas.quigley@atg.in.gov

William Van Der Pol Jr.
bvander3@insightbb.com

Linda M. Wagoner
lmwagoner@mchsi.com

Richard A. Waples
WAPLES & HANGER
richwaples@aol.com

Brent Westerfeld
bwesterfeld@wkelaw.com

Lorinda Meier Youngcourt
EVANS & YOUNGCOURT
lmyoungcourt@hughes.net