UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| NORMAN TIMBERLAKE, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:06-cv-1859-RLY-WTL |
| | ) |
| ED BUSS, Superintendent, | ) |
| Indiana State Prison, | ) |
| | ) |
| Defendant. | ) |

**Entry Discussing Motion for Summary Judgment**

Plaintiff Norman Timberlake, who is on death row at the Indiana State Prison ("ISP"), challenges the Indiana execution protocol. The Superintendent of the ISP seeks resolution of Timberlake's challenge through the Entry of summary judgment.

The challenged protocol has been described in the following terms:

> The lethal injection procedure . . . , called Operational Directive ISP 06-26, requires the introduction by intravenous catheter of 5 grams of sodium pentothal (an anesthetic to render the prisoner unconscious), followed by 50 mg of sterile saline, followed by 100 mg of pancuronium bromide (a paralytic agent), followed by 50 mg of sterile saline, followed by 200 mEq of potassium chloride. The final drug stops the heart. This protocol is the same one used by Indiana to execute Mr. Woods last month.

*Lambert v. Buss*, ___ F.3d ___, 2007 WL 2265143 (7th Cir. August 9, 2007).

This court has twice found that Indiana's execution protocol does not violate the objective prong of the Eighth Amendment's proscription against the imposition of cruel and unusual punishments, and these findings have twice been affirmed on appeal. *Id.; Woods v. Buss,* ___ F.3d ___, 2007 WL 1302119 (7th Cir. May 3, 2007)(to be issued as a published opinion per Order of July 27, 2007).

"If the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party." *Ortiz v. John O. Butler Co.,* 94 F.3d 1121, 1124 (7th Cir. 1996), *cert. denied,* 519 U.S. 1115 (1997). Because Timberlake fails to show a genuine issue for trial as to whether Indiana's execution protocol creates a significant or unnecessary risk that he will suffer unnecessary pain during the execution process, the Superintendent's motion for summary judgment must be **granted.**[1]

Judgment consistent with this Entry shall now issue. The trial setting of September 17, 2007, is vacated.

**IT IS SO ORDERED.**


Date: _____

---

[1] Timberlake points out that the prior Eighth Amendment challenges to the execution protocol were brought and resolved in the context of motions for preliminary injunctions of intervenor plaintiffs Woods and Lambert rather than a motion for summary judgment, but in this case this is a distinction without a difference, and the findings and conclusions reached on the motions for a preliminary injunction are likewise incorporated here. Furthermore, Timberlake argues that such findings and conclusions are often based on "incomplete evidence and under hurried circumstances." Such was not the case here. This court held an extensive hearing on April 26, 2007, on intervenor plaintiff Woods' motion for preliminary injunction, with counsel for all parties present. Following the hearing, this court issued its findings of fact and conclusions of law pertaining in relevant part to Indiana's lethal injection protocol. In adopting the reasoning of this court as its own, the Seventh Circuit explained: "The district court properly considered the applicable law governing the Eighth Amendment and properly applied it to Indiana's lethal injection method." *Woods v. Buss,* 2007 WL 1302119 (7th Cir. 2007).